NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

GEORGE MARTIN, PETITIONER, v. NORTHERN CONTRACT-
ING COMPANY, RESPONDENT.

A petition having been filed in the above-stated matter praying for compensation to which the petitioner might be entitled by virtue of the terms and provisions of an act of the legislature of the State of New Jersey, entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule for compensation, and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, together with the several supplements thereto and amendments thereof; and the time and place for the hearing of the petition having been fixed, and it appearing to the court that the said petition and notice of the time and place of said hearing were duly served upon the respondent, and an answer having been filed by the respondent, and the petitioner and respondent having appeared before Deputy Commissioner Charles E. Corbin at the compensation bureau, No. 571 Jersey avenue, Jersey City, New Jersey, the petitioner being represented by Messrs. Meehan Brothers and the respondent being represented by Messrs. Lindabury, Depue & Faulks; and it appearing that prior to the time of the filing of the petition now under consideration the petitioner filed a petition on or about April 4th, 1927, and upon answer being duly filed thereto a hearing was had on May 9th and May 20th, 1927, at which time it appeared and was found by this court and a determination thereafter on July 5th, 1927,

entered that the petitioner, on May 10th, 1926, in the course of his employment and in an accident arising therefrom, sustained an injury to his head from which he suffered a temporary disability of seven weeks and a five per cent. partial permanent disability; that the petitioner was actually only paid compensation for temporary disability in the sum of $24.29, the last payment on account of which being made on June 7th, 1926. No payments were made for permanent disability. In the meantime a claim for damages was made by the petitioner against the Pennsylvania Railroad Company, a third party, on account of the injuries for which he may have been entitled to be paid compensation, which said claim was settled by said company on December 16th, 1926, by the payment to the petitioner of the sum of $1,000. This payment was far in excess of any compensation which could be awarded petitioner under the proof offered at the hearings above mentioned, and respondent was thereby relieved from the payment of any compensation for the injuries so received by petitioner. Such a payment in settlement cannot be considered as a payment of compensation under the Workmen's Compensation act.

The present petition was filed July 19th, 1927, or more than one year after the last payment of compensation which was made on June 7th, 1926. It alleges that petitioner is suffering an increased disability over that found in the determination of July 5th, 1927. As no award to pay compensation was made in the determination of July 5th, 1927, the petitioner cannot review it under section 21 (f) of the Workmen's Compensation act. Since it was filed more than a year after the accident occurred and also more than a year after the last compensation was paid to petitioner by respondent, which is a condition precedent to the right of the bureau to entertain jurisdiction as required by section 23 (h) of the act, this court, under the authority of *Lusczy* v. *Seaboard By-Products Coke Co.,* 101 *N. J. L.* 170, has no jurisdiction in the matter.

\*      \*      \*      \*      \*      \*      \*

CHARLES E. CORBIN,
*Deputy Commissioner.*